**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BEACON NATIONAL INSURANCE COMPANY                                    PLAINTIFF

v.                                    NO. 4:09CV0036 JLH

HARRY STEPHEN "STEVE" AMOS;
PATTI N. AMOS; and JACK GENTRY, as personal
representative of the Estate of Charles C. Boone, Deceased            DEFENDANTS

## OPINION AND ORDER

Beacon National Insurance Company brought this action against Harry Stephen "Steve" Amos, Patti N. Amos, and Jack Gentry as personal representative of the Estate of Charles C. Boone, Deceased, seeking a declaratory judgment regarding the rights and liabilities of the parties under a policy of homeowners insurance issued to Steve Amos and Patti Amos as insureds on a home located in Marianna, Arkansas, which is in Lee County. According to the proposed second amended complaint, Harry Stephen Amos shot and killed Charles C. Boone in the home owned by him and Patti Amos, and as a part of the same sequence of events physically abused Patti Amos and held her hostage for several hours. Harry Stephen Amos was arrested and charged with capital murder, kidnapping, and aggravated assault on a family or household member. A probate estate was opened for Charles C. Boone, and Jack Gentry was appointed as personal representative of the estate. The estate has made a demand on Beacon National Insurance Company for the $100,000 liability insurance policy limits of the homeowners' insurance policy. This Court has jurisdiction based on diversity of citizenship. Beacon commenced the action in the Western Division of the Eastern District of Arkansas.

Gentry has now filed a motion to transfer this action from the Western Division of the Eastern District to the Eastern Division of the Eastern District.

In a federal diversity action, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(a). Federal law no longer requires that venue be laid in a particular division within a district. 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3809 (3d ed.2007).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In deciding whether the convenience of the parties and witnesses as well as the interest of justice weigh in favor of transferring the action, the court considers, among other things: (1) the accessibility to records and documents, (2) the location where the conduct complained of occurred, (3) the applicability of the forum state's substantive law, (4) judicial economy, (5) the plaintiff's choice of forum, and (6) the comparative costs to the parties of litigating in each forum. *Id.*

In arguing for a transfer to the Eastern Division, Gentry points out that the matter centers around a policy of insurance on a home located in Lee County, which is in the Eastern Division, and that all of the defendants and all of the witnesses reside in Lee County. Beacon does not disagree on those points but argues that the case should remain in the Western Division because it may be difficulty to pick a jury in the Eastern Division due to the publicity that this matter has received there.

It is undisputed that all of the parties except Beacon reside in the Eastern Division, that Beacon issued a policy of homeowners insurance on a home in the Eastern Division, and that all or nearly all of the likely witnesses reside in the Eastern Division. There is no reason to believe that

it will be more expensive to litigate this case in the Eastern Division than in the Western Division. Although Beacon's concern about the pretrial publicity in the Eastern Division is a legitimate concern, there is no information before the Court that would show that it will be unduly difficult to pick a jury, if this case goes to trial, in the Eastern Division. The Eastern Division is comprised of five counties in addition to Lee County, so it seems likely that sufficient jurors can be found.

For these reasons, the motion to transfer is GRANTED. Document #13. The Court orders that the Clerk transfer this case to the Eastern Division of the Eastern District of Arkansas.

IT IS SO ORDERED this 30th day of March, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE